UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

    Plaintiff,

    v.

ANTONIO CASTELLANOS, et al.,

    Defendants.
_____/

No. C 09-2174 PJH

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING DATE**

    Before the court is a motion to dismiss filed by defendant Allstate Insurance Co. ("Allstate"). Plaintiff John Brosnan ("plaintiff") filed an untimely opposition to the motion.[1] Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of July 29, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). For the reasons stated below, defendant's motion to dismiss is GRANTED.

## BACKGROUND

    This action arises from allegations of vehicular negligence. On May 20, 2006, defendant Antonio Castellanos ("Castellanos") lost control while driving his car, and crashed through a fence and into a truck that was parked beside a house in Richmond, California. See Complaint, ¶¶ 7, 9. At the time of the accident, plaintiff was standing to the rear of the truck, loading equipment and property into the back of it. Id. at ¶ 10. Plaintiff alleges that as a result of the accident, plaintiff was thrown to the ground, and his property

---

[1] Plaintiff's opposition brief was due no later than July 8, 2008. Without explanation, and without having filed any request for an extension of time as permitted by the court's local rules, plaintiff filed his opposition brief almost one week later, on July 14, 2008. The court would normally strike the filing of a tardy opposition brief. In order to allow the plaintiff full opportunity to be heard, however, the court has considered the merits of plaintiff's opposition brief herein. Mr. Brosnan's impermissible surreply brief, however, is hereby STRICKEN.

was damaged. Id. at ¶ 12.

On May 24, 2006, plaintiff contacted defendant Allstate, Castellanos' insurer. Complaint, ¶ 16. Plaintiff was referred to Sam Kaish, the insurance adjuster handling the insurance claim. Plaintiff alleges that he subsequently contacted Kaish, and offered to cooperate with Allstate if Allstate would agree to comply with all applicable laws. Id. at ¶ 18. Kaish allegedly so agreed. Id.. Plaintiff alleges, however, that despite submitting numerous questions to Kaish that required responses pursuant to California Code of Regulations § 2695(b), Allstate refused to provide answers. Complaint, ¶ 20.

On May 18, 2009, plaintiff filed the instant complaint against both Castellanos and Allstate. While the complaint generally alleges five causes of action, only three are alleged as to Allstate: (1) plaintiff's second cause of action alleging Motor Vehicle Negligence; (2) plaintiff's fourth cause of action alleging Breach of Contract; and (3) plaintiff's fifth cause of action alleging Fraud and Intentional Deceit. See Complaint, ¶¶ 27-32, 36-43.

Allstate now moves to dismiss all three claims against it for failure to state a claim under which relief can be granted.

**DISCUSSION**

A.   Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. Id. The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

In evaluating a motion to dismiss, all allegations of material fact are taken as true

and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In order to survive a dismissal motion, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." Twombly, 127 S.Ct. at 1965. While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

In addition, in ruling on a motion to dismiss for failure to state a claim, "a court may

3

1  generally consider only allegations contained in the pleadings, exhibits attached to the
2  complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d
3  756, 763 (9th Cir. 2007). Accordingly, a court may consider matters of public record on a
4  motion to dismiss, and in doing so "does not convert a Rule 12(b)(6) motion to one for
5  summary judgment." Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
6  1986), *abrogated on other grounds* by Astoria Federal Savings and Loan Ass'n v. Solimino,
7  501 U.S. 104 (1991).

8  B.     Allstate's Motion to Dismiss

9         Allstate seeks dismissal of all three causes of action alleged against it by plaintiff.

10        1.     Motor Vehicle Negligence

11        Plaintiff alleges that Castellanos was negligent in driving his vehicle at a higher
12 speed than the posted limit, and in crashing his vehicle into the truck, causing plaintiff's
13 property damage. See Complaint, ¶¶ 28-32. Although the allegations reference only
14 Castellanos individually, plaintiff brings the claim as to "all defendants," including Allstate.
15 Defendant seeks dismissal on grounds that negligence may not be stated against Allstate
16 vicariously, as a matter of law. Plaintiff concedes this to be the case in his opposition brief,
17 and asserts that he made a "typographical error when drafting the complaint regarding the
18 second cause of action" and that the second cause of action properly "exists only against
19 Castellanos." See Pl. Opp. Br. at 2:4-6.

20        In view of plaintiff's non-opposition to the motion, therefore, this claim is dismissed
21 as to Allstate for failure to state a claim upon which relief can be granted.

22        2.     Breach of Contract

23        Plaintiff alleges that Allstate entered into an agreement with plaintiff "wherein
24 Brosnan agreed to cooperate with Allstate's investigation of the Claim if Allstate agreed to
25 comply with all California Laws." According to plaintiff, Allstate then "refused to comply with
26 the agreement." See Complaint, ¶¶ 37-39. Defendant argues that plaintiff's claim for
27 breach fails because plaintiff has failed to allege a valid written contract, or any elements
28

United States District Court
For the Northern District of California

required to establish an actionable contract. Defendant also argues that dismissal of plaintiff's claim is appropriate because, to the extent plaintiff asserts the existence of an agreement, plaintiff is really relying on obligations imposed by insurance code regulation section 2695.5(b) – which cannot be subject to a private right of action, as a matter of law.

Defendant is correct as to both arguments. Reading the complaint liberally, plaintiff alleges that the contract was formed when Allstate's employee, Sam Kiash, agreed to "comply with all California laws," and that Allstate's breach occurred when it refused to answer plaintiff's questions pursuant to California Code of Regulations § 2695(b). Complaint, ¶¶ 18-19, 37-38. However, such agreement, even if made, cannot constitute a valid contract, since there can be no consideration for promising to do what one is already legally bound to do. See, e.g., Auerbach v. Great Western Bank, 74 Cal. App. 4th 1172, 1185 ("In contractual parlance, for example, doing or promising to do something one is already legally bound to do cannot constitute the consideration needed to support a binding contract"). Thus, there is no valid allegation of an existing contract based on plaintiff's allegation that defendant failed to abide by its agreement to "comply with all California laws." Having failed to allege the existence of an actionable contract, plaintiff's claim for breach of contract must fail. See, e.g., First Comm. Mort. Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001)("A claim for breach of contract under California law consists of the following elements: (1) *the existence of a contract*; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach.")(emphasis added).

Moreover, Allstate is correct that in California, there is no general private right of action to enforce a violation of an insurance code regulation. See Moradi-Shalal v. Fireman's Fund. Ins. Cos., 46 Cal. 3d 287, 304 (1988)("Neither section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h)"). Since California Code of Regulations § 2695(b) – the very "contractual" provision which plaintiff asserts Allstate violated here – was promulgated by the California Insurance Commissioner to

delineate unfair claims settlement practices under Insurance Code § 790.03(f), then it follows as a matter of course and precedent that plaintiff cannot sue to enforce it (let alone as a contract).

Accordingly, plaintiff's fourth cause of action is dismissed for failure to state a claim upon which relief can be granted.

### 3.     Fraud/Intentional Deceit

Finally, plaintiff alleges that Allstate "committed intentional fraud and deceit against [him] by intentionally entering into a contract with no intention to perform as required by the contract." Complaint, ¶ 41. Plaintiff further alleges that Allstate made "false representations that Allstate would comply with all California laws when Allstate had no intention of complying with the agreement." Id. at ¶ 42.

"Fraud is an intentional tort, the elements of which are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Cicone v. URS Corp., 183 Cal.App.3d 194, 200 (1986). "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). To comply with Rule 9(b), the circumstances constituting fraud shall be stated with particularity. "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir.1989).

The allegations in plaintiff's complaint are wholly inadequate to state a fraud claim. The complaint fails to allege to properly allege the elements of a fraud claim. Plaintiff fails, for example, to allege any specific misrepresentations made by Allstate, as well as any facts informing Allstate of the allegations surrounding its alleged participation in the fraud, i.e., the circumstances surrounding Allstate's alleged misrepresentations, such as the time, place and nature of any statements. Nor does plaintiff allege a sufficient factual basis for plaintiff's purported reliance on Allstate's misrepresentations, or for the resulting damage to

6

plaintiff as a result of any such statements.  Moreover, it is apparent that plaintiff's fraud claim is premised on the same purported "agreement" that the court stated cannot form the basis for a viable cause of action against Allstate.

This claim is accordingly dismissed for failure to state a claim upon which relief may be granted.  Since any amendment is futile, in view of plaintiff's reliance on a non-existent "agreement" as grounds for the fraud claim, the dismissal is with prejudice.

## CONCLUSION

For the reasons stated above, Allstate' motion to dismiss is GRANTED.  Plaintiff's second, fourth, and fifth causes of action are dismissed as to Allstate.  All claims are dismissed with prejudice, as any amendment would be futile.

**IT IS SO ORDERED.**

Dated: July 27, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge